# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-cr-251 (KMM/SGE) |
| Plaintiff, | |
| v. | **ORDER AND REPORT &** |
| | **RECOMMENDATION** |
| ROMELLE VANN, | |
| Defendant. | |

William Mattessich, Assistant United States Attorney, United States Attorney's Office counsel for Plaintiff.

Catherine Turner, 331 Second Ave. S, Suite 705, Minneapolis, MN 55401, CJA Appointment.

This case is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1 for an order and a report and recommendation on Defendant Vann's Motion for Disclosure of Police Personnel Data (Dkt. 241); Motion to Dismiss Count Eight of the Indictment (Dkt. 242); and Motion for Disclosure of Confidential Sources (Dkt. 243). The Court held a hearing on May 11, 2026. (Dkt. 286.) Assistant United States Attorney William Mattessich appeared on behalf of the United States of America ("Government"). Attorney Catherine Turner appeared on behalf of the Defendant, Mr. Vann, who was present at the hearing. No evidence was presented. Mr. Vann rested on the pleadings and was excused from the hearing early upon request.

1

(Dkt. 286; Dkt. 288 at 11-12.) The Court took Mr. Vann's motions under advisement at the conclusion of the hearing. (Dkt. 286.)

## I.      Motion for Disclosure of Police Personnel Data (Dkt. 241)

Mr. Vann seeks disclosure of the personnel data of law enforcement officers involved in the investigation which led to charges against him. (Dkt. 241.) The Government responds that it is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and the Jencks Act (18 U.S.C. § 3500) and intends to comply. (Dkt. 261 at 2.) The Government also argues that Mr. Vann has cited no legal basis for his broad disclosure request. (*Id.*)

To the extent that Mr. Vann simply seeks "additional" *Brady* material (Dkt. 288 at 7), the Government has already been ordered to comply with its obligations pursuant to the Court's Pretrial Scheduling and Case Management Order which required the Government to "comply with its constitutional obligation to disclose any information known to it that is material to guilt or punishment, whether this information is requested or not." (Dkt. 91 at 7.) This obligation is continuing, and if the Government subsequently discovers additional exculpatory or impeachment evidence, it must be disclosed. To the extent that Mr. Vann's seeks discovery and disclosure outside the Government's obligations under the Jencks Act, *Brady*, and *Giglio*, or seeks materials that have already been produced, that request is unsupported. Indeed, at the hearing, Mr. Vann conceded that officer personnel files or disciplinary records would be impeachment evidence relevant only to officers called to testify. (Dkt. 288 at 7.) Therefore, the Court denies Mr. Vann's Motion for Disclosure of Police Personnel Data as premature. (Dkt. 241.)

**II.    Motion to Dismiss Count Eight of the Superseding Indictment (Dkt. 242)**

Mr. Vann asks the Court to dismiss Count Eight of the Superseding Indictment. (Dkt. 242 at 1.)[1] Count Eight charges Mr. Vann with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Dkt. 143 at 9-10.) Mr. Vann asks the Court to dismiss Count 8 on grounds that it violates the Second Amendment of the United States Constitution. (Dkt. 242 at 1.) Mr. Vann acknowledges that his argument is foreclosed by *United States v. Jackson*, 110 F.4th 1120 (8th Cir. 2024), which found that 18 U.S.C. § 922(g)(1) did not violate the Second Amendment. (Dkt. 242 at 1.) However, Mr. Vann states that he filed the Motion to preserve the issue for appeal. (Dkt. 242 at 1-2.) The Government opposes the motion, agreeing with Mr. Vann that *Jackson* forecloses the argument. (Dkt. 261 at 2-4.) This Court is bound by the Eighth Circuit's decision in *Jackson*. *See Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) (finding district court sitting in the Eighth Circuit bound by precedent of the Eighth Circuit). Because the Court is bound by *Jackson*, it therefore recommends that Mr. Vann's motion be denied.

**III.    Motion for Disclosure of Confidential Sources (Dkt. 243)**

Mr. Vann seeks an order requiring the Government to disclose the identity "of any and all informants in this case" and for permission to "secure an interview of each informant." (Dkt. 243 at 1.) Notably, he is not challenging the reliability of any informant (Dkt. 243), or any related search warrant (Dkt. 288 at 9-10). The Government opposes Mr. Vann's request, first arguing that if it elects to have an informant testify at trial it will

---

[1] Mr. Vann cites to the original indictment (Dkt. 1), instead of the superseding indictment (Dkt. 143.) The Court will cite to the superseding indictment here.

comply with its obligations under the Jencks Act, *Brady, Giglio,* and their progeny. (Dkt. 261 at 4.) Second, the Government also invokes the "informant's privilege," and argues that it does not have to disclose the identity of confidential informants who were not percipient witnesses to the underlying act which served as the basis for the indictment. (*Id.* at 5 (citing *Roviaro v. United States*, 353 U.S. 53 (1957)).) And lastly, the Government argues that Mr. Vann has not articulated any legal basis for requiring the disclosure of informants that will not be called as witnesses. (*Id.* at 6.)

Defendants "bear[] the burden of demonstrating a need for disclosure." *United States v. Wright*, 145 F.3d 972, 975 (8th Cir. 1998); *see also United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991). A court deciding a motion to compel disclosure of an informant "must weigh 'the defendant's right to information against the government's privilege to withhold the identity of its confidential informants.'" *United States v. Lapsley*, 334 F.3d 762, 763-64 (8th Cir. 2003) (quoting *United States v. Fairchild*, 122 F.3d 605, 609 (8th Cir. 1997)). "In making this determination, the Court considers the 'particular circumstances of each case, [including] the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.'" *United States v. Tucker*, No. 18-cr-89 (JRT/DTS), 2018 WL 6630515, at * 6 (D. Minn. Dec. 19, 2018) (quoting *Roviaro*, 353 U.S. at 62), *aff'd*, 821 F. App'x 659 (8th Cir. 2020). One of the most important considerations is "whether the [informant's] information is material to the defense." *Lapsley*, 334 F.3d at 764. "Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (cleaned up). On the other

hand, in "cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *Harrington*, 951 F.2d at 878 (citation omitted); *see also Lapsley*, 334 F.3d at 764 ("Consequently, disclosure is typically not required when the informant merely conveys information to the government but neither witnesses nor participates in the offense.") (cleaned up).

Here, Mr. Vann has not identified or alleged specific facts or circumstances supporting an immediate need for disclosure of any informant's identity, or that any informant's information is material to his defense. (*See* Dkt. 243.) At the hearing, Mr. Vann's counsel stated that there was potentially one identifiable informant mentioned in a search warrant. (Dkt. 288 at 9.) However, Mr. Vann did not seek post-hearing briefing to explain how this informant was material. (*Id.* at 10.) Despite Mr. Vann's broad request for disclosure of "all informants in this case," the Court finds that he has not met his burden of demonstrating a need for their disclosure at this time. *Wright*, 145 F.3d at 975. Moreover, the Government acknowledges that it must disclose the identity of any informants it intends to call as a witness, or that is otherwise discoverable under *Brady*, *Giglio*, and their progeny. Indeed, the Court's Pretrial Scheduling and Case Management Order requires the Government to "disclose the identity of any informant who was a material witness to the charged conduct and make any such informant available no later than 10 days ahead of any trial in this matter." (Dkt. 91 at 7.) Therefore, the Court denies Mr. Vann's Motion for Disclosure of Confidential Sources (Dkt. 243).

## IV.   Conclusion

Based on the files, record, and proceedings herein, and for the reasons stated above,

**IT IS HEREBY ORDERED** that:

1. Mr. Vann's Motion for Disclosure of Police Personnel Data (Dkt. 241) is

    **DENIED**.

2. Mr. Vann's Motion for Disclosure of Confidential Sources (Dkt. 243) is

    **DENIED**.

Furthermore, based on the files, record, and proceedings herein, and for the reasons

stated above, **IT IS HEREBY RECOMMENDED** that:

Mr. Vann's Motion to Dismiss Count Eight of the Indictment (Dkt. 242) be

    **DENIED.**


Dated: June 8, 2026

*Shannon G. Elkins*
SHANNON G. ELKINS
United States Magistrate Judge


**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).